EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN v. FRANKLIN
H. KALBFLEISCH CO.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

1. PLEADING—MISJOINDER OF CAUSES—DEMURRER.

That two causes of action are not separately stated and numbered, as such, does not prevent a demurrer to their improper joinder; and they are not required to be first separated and numbered on motion

2. ACTION—JOINDER OF INCONSISTENT CAUSES.

A cause of action for breach of contract to take of plaintiff not less than a designated number of kilowatt hours of electric current a month for two years at rates aggregating a specified amount a month, and a cause of action for damages for fraud by defendant in inducing plaintiff to make the contract and go to the expense of connecting its current with defendant's place and installing it .there, are inconsistent, and cannot be united in the same complaint, and that the prayer for damages is for a sum equal in amount to the damages alleged for fraud does not change the case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, §§ 469–489.]

Appeal from Special Term, Kings County.

Action by the Edison Electric Illuminating Company of Brooklyn against the Franklin H. Kalbfleisch Company. From an interlocutory judgment overruling a demurrer to the amended complaint on the ground of improper joinder of causes of action, defendant appeals. Reversed, and demurrer sustained.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

James W. Prendergast, for appellant.
Glenn M. Congdon, for respondent.

GAYNOR, J. This amended complaint is substantially the same as the original complaint which was here on demurrer that it improperly joined two causes of action. 117 App. Div. 842, 102 N. Y. Supp. 1039. The disposition seems to be to quarrel in this way with our former decision. It does not seem that the courts should be troubled twice with such a complaint, if once. That the two causes of action are not now stated and numbered as such does not prevent a demurrer to their improper joinder. They need not be separated and numbered on motion before the demurrer may be interposed.

The first seven numbered paragraphs of the complaint, stripped of useless verbiage and made lean, allege a cause of action for breach of contract, viz., that the defendant entered into a contract with the plaintiff to take of it not less than 25,000 kilowatt hours of electric current a month for two years, at rates aggregating $1,200 a month, and that the defendant failed and refused to perform the said contract. The remaining paragraphs allege an action for damages for fraud by the defendant in inducing the plaintiff to make the contract and go to the expense of connecting its current with the defendant's place and installing it there in carrying out the contract on its side, viz., $3,267.66, by false representations as to the quantity of current it required.

These causes of action are inconsistent, and therefore may not be

united, as we have already held. An action for breach of the contract is an adoption of it and inconsistent with an action for damages for fraud which induced the plaintiff to make it. The plaintiff cannot recover the amount agreed to be paid by the contract for the two years (or whatever the measure of damages for the breach may be), and also the amount of its expense in connecting and·installing its current, which it had to do under the contract to carry it out—or whatever else its damages might be for the fraud which induced it to make the contract and carry it out.

That the prayer for damages is for a sum equal in amount to the damages alleged to be caused by the fraud does not change the case. The prayer for damages is for both causes of action, and both should not be proved on the trial.

It is not now in order to decide whether either or both of the causes of action is open to demurrer for insufficiency, for no such question is involved.

The order should be reversed, and the demurrer sustained.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs. All concur.